JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAIRON BRUNO

### DEFENDANTS
NCB MANAGEMENT SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff: Lancaster (NE)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq.  The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq.,
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/10/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/BRIAN C. FARRELL, ESQUIRE  I.D. No.: #319145  Attorney For Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1 Allied Drive, Trevose, PA 19053

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐    No

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. [XX] Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XX]    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SAIRON BRUNO | : | CIVIL ACTION NO: |
| v. | : | |
| NCB MANAGEMENT SERVICES, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (☑)


| 11/10/2025 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAIRON BRUNO**<br><br>Plaintiff,<br><br>v.<br><br>**NCB MANAGEMENT SERVICES, INC.,**<br><br>Defendant. | Civ. No.:<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Sairon Bruno, through her undersigned counsel, alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*

2. Plaintiff is a skilled collections professional who requested reasonable accommodations for Anxiety, Depression, Autism, and ADHD. Rather than accommodating her and engaging in a good faith interactive process, Defendant reduced her earning opportunities, denied a raise, imposed hostile and unnecessary conditions, and terminated her employment because of her disabilities and because she engaged in protected activity.

## II. JURISDICTION AND VENUE

3. The Court has federal question jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over the PHRA claims under 28 U.S.C. §1367.

1

4. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within the Eastern District of Pennsylvania and because Defendant conducts business and maintains operations in this District.

5. On or about April 4, 2024, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. On or about July 12, 2024, Plaintiff filed an amendment to that charge with the EEOC. Both charges were dual filed with the Pennsylvania Human Relations Commission.

6. On August 13, 2025, the EEOC issued a Notice of Right to Sue. Plaintiff files this action within ninety days of receipt of the Notice. All conditions precedent to suit have been satisfied.

### III. PARTIES

7. Plaintiff Sairon Bruno is an adult woman who presently resides in Lincoln, Nebraska.

8. Defendant NCB Management Services, Inc., is a corporation organized under the laws of Pennsylvania with its principal place of business in Trevose, Bucks County, Pennsylvania.

9. At all relevant times, Defendant employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and was an employer within the meaning of the ADA and the PHRA.

### V. FACTUAL ALLEGATIONS

10. Defendant hired Plaintiff on or about April 19, 2019 as a Collector. She consistently met the expectations of her position.

11. Plaintiff handled consumer accounts, communicated with customers in a professional manner, followed compliance scripts, and met productivity and quality standards that Defendant tracked through its internal systems.

12. Plaintiff is an individual with disabilities under the ADA and the PHRA.

13. Her conditions include Anxiety, Depression, Autism, and ADHD. These conditions substantially limit major life activities including concentrating, thinking, and regulating breathing and emotions during periods of acute stress.

14. Beginning in late 2022 and continuing through 2024, Plaintiff requested reasonable accommodations to perform her job. She asked to limit late evening work beyond 7 p.m. because those hours exacerbated her symptoms. She asked to take brief intermittent breaks when symptoms spiked. She asked for flexibility in meeting formats so that one on one meetings could occur with an observer present or be conducted in small groups or by written update. She asked to work remotely when appropriate. She also requested adjustments to manual dialing assignments that triggered acute symptoms.

15. Plaintiff supported these requests with medical documentation and communicated in good faith with Human Resources and supervisors. She explained the functional limitations and proposed practical alternatives that would allow her to meet the essential functions of her job.

16. After Plaintiff sought accommodations, Defendant implemented and enforced a tiered system that determined access to inbound calls and other revenue producing work. Despite Plaintiff's history of solid performance, Defendant placed her at a lower tier and removed or restricted her inbound call flow. This placement materially reduced her opportunities to earn incentive pay and negatively affected her metrics that depended on the volume and quality of inbound work.

17. Colleagues and supervisors acknowledged that Plaintiff's tier placement and call flow did not reflect objective performance and that the selection process for inbound calls was not based on transparent metrics. Plaintiff was told at different times that her placement was unfair and that she should have been in a higher tier.

18. In the spring of 2023, Defendant denied Plaintiff a raise and did not provide a timely performance review.

19. On or about June 9, 2023, senior leadership met with Plaintiff and dismissed her documented achievements. Leadership stated that it was accepting her resignation even though Plaintiff had not resigned. Defendant cut her access immediately after the meeting.

20. Days later Defendant reversed course and restored her employment. Defendant required her to use paid time off to cover the days that the company had improperly removed her from work.

21. Through the remainder of 2023, Plaintiff continued to request accommodations and supplied updated medical paperwork. Defendant delayed and denied accommodations. Defendant insisted that Plaintiff could simply adjust to late evening hours and declined to honor the 7 p.m. limitation.

22. Defendant issued a downgraded performance rating that referenced Plaintiff's accommodation related status. The rating did not reflect Plaintiff's actual work output because the company had already reduced her inbound opportunities and restricted visibility into comparative metrics.

23. Plaintiff made repeated good faith complaints to supervisors and Human Resources about disability discrimination, retaliation, and the company's failure to accommodate. Plaintiff also asked for a fair review of her tier placement and inbound call access.

24. In early 2024, Defendant blocked or limited employees from viewing each other's comparative performance statistics. This change made it difficult for Plaintiff to verify how her call flow and tier placement compared to similarly situated peers who did not request accommodations.

25. In the spring of 2024, Defendant instituted an AI camera monitoring policy. The policy required employees to remain on camera during work. The policy was applied to Plaintiff without consideration of her medical limitations.

26. On May 21, 2024, Plaintiff requested an ADA accommodation to be exempt from the camera requirement. She supplied physician documentation. She proposed alternatives that would allow accountability without real time video monitoring. Her proposals included status indicators, periodic check ins, and other reasonable measures that would not trigger symptoms.

27. On June 14, 2024, Human Resources denied the accommodation request. Defendant did not offer an effective alternative. Defendant did not engage in a meaningful back and forth process to identify an accommodation that would meet both parties' needs.

28. On June 26, 2024, Defendant terminated Plaintiff's employment. Defendant cited the camera policy and treated Plaintiff's protected accommodation activity as a problem rather than as a request to be addressed through the interactive process.

29. The timing between Plaintiff's protected activity and the adverse actions was close in time. The tier placement followed Plaintiff's initial accommodation requests. The denial of accommodations and the negative review followed her continued requests and complaints. The termination followed the camera exemption request and the company's refusal to consider alternatives.

30. Plaintiff could perform the essential functions of her job with reasonable accommodations. The accommodations she requested were modest and feasible. The accommodations would not have imposed an undue hardship on Defendant's operations.

31. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, and lost career opportunities. She experienced emotional distress, humiliation, and loss of enjoyment of life. She continues to suffer these harms.

### Count I – ADA
### Disability Discrimination

32. Plaintiff incorporates paragraphs 1 through 31.

33. Plaintiff is a qualified individual with disabilities. She could perform the essential functions of her job with or without reasonable accommodation.

34. Defendant discriminated against Plaintiff because of disability, a record of disability, and being regarded as disabled. The discrimination included reduced opportunities, a negative performance rating, and termination.

35. Defendant's conduct violated the ADA.

36. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

### Count II – ADA
### Failure to Accommodate

37. Plaintiff incorporates paragraphs 1 through 36.

38. Plaintiff requested reasonable accommodations that would have enabled her to perform her job.

39. Defendant denied and unreasonably delayed those accommodations and failed to engage in a good-faith interactive process.

40. Defendant's conduct violated the ADA.

41. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

### Count III – ADA
### Retaliation

42. Plaintiff incorporates paragraphs 1 through 41.

43. Plaintiff engaged in protected activity by requesting accommodations and by complaining about discrimination and retaliation.

44. Defendant retaliated against Plaintiff by terminating her employment.

45. Defendant's conduct violated the ADA.

46. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

### Count IV – PHRA
### Disability Discrimination

47. Plaintiff incorporates paragraphs 1 through 46.

48. Plaintiff is a qualified individual with disabilities. She could perform the essential functions of her job with or without reasonable accommodation.

49. Defendant discriminated against Plaintiff because of disability, a record of disability, and being regarded as disabled. The discrimination included reduced opportunities, a negative performance rating, and termination.

50. Defendant's conduct violated the PHRA.

51. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

**Count V – PHRA**
**Failure to Accommodate**

52. Plaintiff incorporates paragraphs 1 through 51.

53. Plaintiff requested reasonable accommodations that would have enabled her to perform her job.

54. Defendant denied and unreasonably delayed those accommodations and failed to engage in a good-faith interactive process.

55. Defendant's conduct violated the PHRA.

56. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

**Count VI – PHRA**
**Retaliation**

57. Plaintiff incorporates paragraphs 1 through 56.

58. Plaintiff engaged in protected activity by requesting accommodations and by complaining about discrimination and retaliation.

59. Defendant retaliated against Plaintiff by terminating her employment.

60. Defendant's conduct violated the PHRA.

61. Plaintiff seeks all available legal and equitable relief, including compensatory and punitive damages, back pay, front pay or reinstatement, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Goodman seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and requests that this Court grant her the following relief by:

(a) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(b) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(c) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, reputational damages, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(d) awarding punitive damages to Plaintiff;

(e) awarding Plaintiff such other damages as are appropriate under the ADA and PHRA;

(f) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(g) awarding any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

THE GOLD LAW FIRM, P.C.

Brian C. Farrell, Esquire
I.D. No.: 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
bfarrell@discrimlaw.net
(215) 569-1999
Attorney for Plaintiff Sairon Bruno

Date: November 10, 2025

9